WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Reynolds,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-19-08264-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Kimberly Reynolds's ("Claimant") appeal from the denial of her application for social security disability benefits. (Doc. 16). The Commissioner has responded, (Doc. 17), and Claimant has replied, (Doc. 18). The Court now rules on the appeal.

**I.   BACKGROUND**

  **A. Disability Determination**

To qualify for social security benefits, an applicant must first show she is "under a disability." 42 U.S.C. § 423(a)(1)(E). If she shows she suffers from a medically determinable physical or mental impairment preventing her from engaging in any "substantial gainful activity," the applicant is disabled. *Id.* § 423(d)(1)–(2).

By rule, an Administrative Law Judge ("ALJ") for the Social Security Administration ("SSA") follows a five-step process to determine whether the applicant meets the statutory definition of disability. 20 C.F.R. § 404.1520(a)(1). This process may end at any step at which the ALJ can find the applicant disabled or not. *Id.* § 404.1520(a)(4).

At step one, the ALJ determines whether the applicant is "doing substantial gainful activity." *Id.* § 404.1520(a)(4)(i). If so, the applicant is not disabled. *Id.* If she is not, the ALJ proceeds to step two and considers whether any of the applicant's physical or mental impairments or combination of impairments are "severe." *Id.* § 404.1520(a)(4)(ii). If that threshold is met, the ALJ proceeds to step three to determine whether the applicant's impairment or combination of impairments "meets or equals" an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the applicant is disabled. *Id.* If not, before proceeding to step four, the ALJ must assess the applicant's "residual functional capacity" ("RFC"). *Id.* § 404.1520(a)(4). The RFC represents the most an applicant "can still do despite [her] limitations." *Id.* § 404.1545(a)(1). At step four, the ALJ uses the RFC to determine whether the applicant can still perform her "past relevant work." *Id.* § 404.1520(a)(4)(iv). If so, the applicant is not disabled. If not, the ALJ proceeds to the final step to determine whether—considering the applicant's RFC, age, education, and work experience—she "can make an adjustment to other work." *Id.* § 404.1520(a)(4)(v). If the applicant cannot, she is disabled. *Id.*

### B. The ALJ's Decision

Here, the ALJ first found Claimant was not engaged in substantial gainful activity. (Doc. 15-3 at 24). Next, the ALJ found Claimant had the following severe impairments: lumbar spine disorder, cervical spine disorder, chronic heart failure (stable), migraine, and affective disorder. (*Id.* at 25). The ALJ then determined that none of these impairments met or medically equaled anything in Appendix 1 to Subpart P of 20 C.F.R. Part 404. (*Id.* at 25–26). Before proceeding to step four, the ALJ found that, subject to various limitations, Claimant had the requisite RFC to perform sedentary work as defined by SSA regulations. (*Id.* at 27). In reaching that determination, as relevant here, the ALJ gave great weight to some parts of treating physician Dr. Rajiv Jetly's opinion but discounted others. (*Id.* at 31–34). The ALJ ultimately concluded that, although she had no past relevant work, Claimant could make an adjustment to other work because, considering all her limitations, she could perform as a lamp-shade assembler, lens-block gauger, or masker. (*Id.* at 35–36).

## II. DISCUSSION

### A. Standard of Review

This Court may not overturn the ALJ's denial of disability benefits absent legal error or a lack of substantial evidence. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial evidence means . . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). On review, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). The ALJ, not this Court, draws inferences, resolves conflicts in medical testimony, and determines credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). Thus, the Court must affirm even when "the evidence admits of more than one rational interpretation." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

### B. Jetly's Medical Opinion

Claimant first argues that the ALJ erred in calculating her RFC by diverging, without explanation, from Jetly's opinion that her maximum standing time in a workday was less than two hours. (Docs. 16 at 6; 15-11 at 163). Even though the ALJ gave this opinion "great weight," the ALJ stated Claimant could stand for "no more than two hours" in a workday—a formulation that assumes she could stand for two hours. (Doc. 15-3 at 27). She argues that the ALJ was required to accept Jetly's opinion that she could not stand for even two hours and contends that a claimant with that limitation cannot perform any sedentary work. (Doc. 16 at 7). The Commissioner's brief does not address this point.

Although Claimant is not correct that the inability to stand for two hours "preclude[s] all sedentary work," (*id.*), such a limitation can "significantly erode[]" the "occupational base" for sedentary work depending on its severity. SSR 96-9P, 1996 WL 374185, at *6 (July 2, 1996); *see also* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983)

("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about [two] hours of an [eight]-hour workday . . . ."). For this reason, when a claimant is "able to stand and walk in between . . . slightly less than [two] hours and only a few minutes," ALJs are instructed to consult evidence like "a vocational resource," SSR 96-9P, 1996 WL 374185, at *6, in order "to determine whether, despite the erosion of a full range of sedentary work, there [are] still significant numbers of jobs in the national economy that [the claimant can] perform," *Hernandez v. Astrue*, No. 1:10-CV-00198 SKO, 2011 WL 2493759, at *6 (E.D. Cal. June 22, 2011). Thus, courts have found substantial evidence supports an ALJ's finding that such claimants can perform sedentary work when, for example, the decision is premised on a vocational expert ("VE") testifying to that effect. *Id.*; *see also Cebreros v. Colvin*, No. CV 13-4092 AGR, 2014 WL 1806879, at *2 (C.D. Cal. May 6, 2014); *Bell v. Astrue*, 640 F. Supp. 2d 1247, 1256 (E.D. Cal. 2009).

Thus, SSR 96-9P contemplates a continuum; the closer a claimant's maximum at-work standing time is to two hours, the more jobs in the sedentary range that claimant can perform. Where, then, did Jetly's opinion place Claimant on this continuum? It is ambiguous. When Jetly checked the box to indicate Claimant's maximum at-work standing time was less than two hours, he might have meant that Claimant's standing time was somewhere in the 119-minute-range. If so, that would be materially consistent with the ALJ's assumption that Jetly meant Claimant could stand for up to two hours for purposes of SSR 96-9P. But Jetly could plausibly have meant a far lower figure.[1] SSR 96-9P does not foreclose the ALJ from concluding that a claimant with a limited maximum standing time can perform work in the sedentary range, but it does require the ALJ to consult vocational evidence before doing so. Again, however, the ALJ did not elicit any VE-testimony on this point, because the ALJ allowed the ambiguity in the record to persist. "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"

---

[1] Indeed, by foregoing a box labeled "about [two] hours" and selecting the lowest option, Jetly's form appears to indicate this option excludes maximum standing times that are very close to two hours. (Doc. 15-11 at 163).

*Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted). Thus, the Court finds that the ALJ needed to further develop the record before giving Jetly's opinion great weight, using it in the hypothetical posed to the VE, and relying on it in the way that Plaintiff now disagrees with. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . ."); *see also Barrera v. Astrue*, No. CV 11-348-TUC-HCE, 2012 WL 4361416, at *5–6 (D. Ariz. Sept. 25, 2012) ("In most cases, the increment of time a doctor ascribes to terms such as 'about' or 'approximately' may not be dispositive. In this case it is, both in terms of [the claimant's] RFC and, if the ALJ's inquiry proceeds, then to questions posed to the VE.").

The Court does not, however, agree with Claimant that a remand for an immediate award of benefits is warranted. (Doc. 16 at 10–11). As the foregoing demonstrates, the record is not "free from conflicts, ambiguities, or gaps" nor is Claimant's entitlement to benefits "clear under the applicable legal rules." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103–04 (9th Cir. 2014). Instead, "the record is uncertain and ambiguous, [such that] the proper approach is to remand the case to the agency." *Id.* at 1105. Nothing in the record clearly establishes the conclusion Claimant contends for on appeal; namely that her maximum standing time is so significantly less than two hours that she is precluded from working any job in the sedentary range. Jetly's opinion—the only evidence on which she premises that contention—is ambiguous as discussed above. And as further discussed above, the ALJ can still permissibly conclude that she can perform jobs in the sedentary range so long as the VE provides testimony addressing her specific limitations. Thus, remand will allow the ALJ to develop the record to more precisely define the extent of the limitation to Claimant's maximum standing time and to elicit VE-testimony addressing the effect of that limitation. Therefore, the Court remands for a new hearing.[2]

---

[2] Claimant also argues that the ALJ gave inadequate reasons for discounting other portions of Jetly's opinion. (Doc. 16 at 8–10). Although the ALJ did not explicitly state so, it appears that the portion of Jetly's opinion that she gave little weight to is his conclusion that Claimant would be off-task for some of the workday and miss work up to three days a month. (Doc. 15-3 at 33–34). The ALJ cited as conflicting evidence Claimant's ability "to complete her activities of daily living, including getting her son ready for school daily,

## III. CONCLUSION

Therefore,

IT IS ORDERED that the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this order. The Clerk of the Court shall enter judgment accordingly.[3]

Dated this 12th day of May, 2020.

James A. Teilborg
Senior United States District Judge

---

cooking three meals, and following her home exercise routine" apparently reasoning that her ability to perform such activities in her home "without regular absences" tended to show she would not be absent from work regularly either. (*Id.* at 34). Because the Court is remanding for a new hearing to further develop the record on Plaintiff's RFC regarding her ability to stand on the job, the Court need not reach this issue. Likewise, the Court need not address Claimant's alternative argument that evidence she submitted to the Appeals Council deprived the ALJ's decision of substantial evidence. (Doc. 16 at 11–14).

[3] To the extent mandate is required, the judgment shall serve as the mandate.